**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Roman ESPINOZA–LOPEZ, aka
Aurelio Perez–Plascencia,
Defendant—Appellant.**

No. 02–30168.
D.C. No. CR–01–30014–MRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 24, 2003.

Before BRUNETTI, T.G. NELSON and RAWLINSON, Circuit Judges.

MEMORANDUM**

The appellant Roman Espinosa–Lopez was convicted, pursuant to a plea agreement, of violations of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 8 U.S.C. § 1326(a) and (b)(2). He reserved the right to appeal the district court's denial of his motion to suppress the methamphetamine found after a search of his residence consented to by his live-in girlfriend Dulce Marisol Cruz–Ceja. We now affirm.

Espinosa–Lopez first claims that the government failed to prove by the preponderance of the evidence that Cruz–Ceja had authority to consent to the search. The evidence presented at the suppression hearing was more than sufficient to show that Cruz–Ceja had authority to consent to the search. *See United States v. Childs,* 944 F.2d 491, 494 (9th Cir.1991) (a person with joint access or control over property has authority to consent to a search).

Second, Espinosa–Lopez claims that Cruz–Ceja's consent was involuntary. The district court did not clearly err when it found that Cruz–Ceja voluntarily consented to the search. She admitted that she consented to the search in her deposition, which was submitted at the suppression hearing. She gave consent at two different times to two different agents. *See United States v. Cormier,* 220 F.3d 1103 (9th Cir.2000) (to determine voluntariness of consent, the court considers whether the person was in custody, if police had guns drawn, if *Miranda* warnings were given,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

whether the person was told she could refuse consent, and whether the person was told a search warrant could be obtained). These factors overwhelmingly demonstrate that Cruz–Ceja voluntarily consented to the search.

Therefore, the district court is affirmed.

AFFIRMED.

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the